CLINTON GENERAL TERM, July, 1848.    *Cady, Willard, and Hand,* Justices.

### SMITH *vs.* DILLINGHAM and SMITH.

The taxable inhabitants of a school district, at a district meeting, cannot legally repeal a resolution passed at a previous meeting, imposing a tax, after a tax list and warrant have been regularly made out, and the greater part of the tax has been collected.

ERROR to the Saratoga common pleas. At a regular annual meeting of school district No. 4, in the town of Halfmoon, a tax of five dollars, to repair the school house, and fifteen dollars for fuel, was voted. This meeting was held on the 16th of October, 1841. At a special meeting held on a verbal notice, on the 13th of November, 1841, a collector was appointed, and the trustees of the district made out and delivered to the collector tax lists and a warrant for the collection thereof, and he collected the greater portion of the tax. On the 7th of December, 1841, another special meeting was held, and then a resolution was passed, revoking the resolution passed at the annual meeting in the previous October. The defendants were present and took no appeal to the superintendent. But the defendants, two of the trustees, in the presence of the other trustee and with his concurrence, after the repeal, and on December 16th, 1841, renewed the said warrant and delivered it to the collector, who, by virtue thereof, took and sold one chain and three augers, the property of the plaintiff, for which the plaintiff sued the defendants before a justice of the peace and recovered a judgment for $2,69 damages, and $5 costs. That judgment was reversed by the court of common pleas in April, 1847, and the latter judgment was removed into this court by writ of error.

*E. F. Bullard,* for the plaintiff in error. I. The repeal of the act authorizing the tax took away all *power* under the original act, whether the tax was part collected or not. (1.) Be-

Smith *v.* Dillingham.

cause after the repeal it stood as if no act had been passed. (*Butler* v. *Palmer,* 1 *Hill,* 324 ; *Gale* v. *Mead,* 4 *id.* 109.) (2.) The legislative act of the district meeting was final and absolute, unless their decision was appealed from. (1 *R. S.* 478, § 61, *subd.* 6.) (3.) The superintendent of common schools is the only power having authority over the decisions of district meetings. (1 *R. S.* 481, § 124, *2d ed.*) II. After the repeal, the trustees were trespassers in acting under the authority of the repealed act. All power was gone ; and it remained as if no power ever existed. The trustees had no appellate power to overrule or set aside a decision of the meeting. They were nullifiers by assuming it. III. The defendants mistook the discretionary and final appellate power of the superintendent for their own. IV. The collection of a part of the tax did not affect the repealing *power* of the meeting, but would be a circumstance to affect the decision of the superintendent, upon a question of propriety. The question is perfectly plain to one who discriminates between the *power* of doing an act and the *propriety* of doing it. Thus, courts on special motions have *power* to set aside judgments in their own courts, but the propriety of doing so, may be questioned in given cases. So with the legislative power. Whether this was such a case for repeal as " *occasion might require,*" was addressed to the district meeting as a matter of discretion. And from their decision no appeal lies to the courts, but only to the superintendent. This question did not arise, nor was it discussed or decided by Bronson, J. in *Gale* v. *Mead,* (4 *Hill,* 109.) (*See act repealing U. S. Bankrupt Law.*) V. The repeal was regular, and want of notice was not material. (1 *R. S.* 478, § 63.) At all events the trustees who gave the notice could not allege their own fraud. (*Marchant* v. *Langworthy,* 3 *Denio,* 526.) VI. The act of 1841, (*Laws of* 1841, *p.* 242, § 33,) does not apply to this cause ; as no appeal would lie from a renewal of a warrant. (1 *R. S.* 481, § 124, *2d ed. ; Houghton* v. *Swartwout,* 1 *Denio,* 589.)

*J. K. Porter,* for the defendants in error.

*By the Court,* CADY, P. J.  The principal question in the cause is, whether a district meeting can legally repeal a resolution imposing a tax after a tax list and warrant have been regularly made, and the greater part of the tax collected so as to render the trustees responsible for a subsequent renewal of the warrant.  By 1 *R. S.* 478, § 61, *sub.* 6, the inhabitants so entitled to vote when assembled in district meeting, shall have power to repeal, alter and modify their procceedings from time to time *as occasion may require.*  No occasion can require, or even justify, the inhabitants of a district in doing an act of palpable injustice, as would be the repeal of a resolution imposing a tax after the greater part of it was collected, and thereby exempt some of the inhabitants from the payment of their just proportion of the taxes.  The authority given to the inhabitants of a district to repeal, alter and modify their proceedings from time to time as occasion may require, never can be understood as giving them power to defeat the enactments of the legislature.  The object of the seventy-sixth section, (1 *R. S.* 482,) is to compel the taxable inhabitants to pay in proportion to the value of their taxable property; but that object may always be defeated if a majority of voters who are liable to pay but one-fourth of the tax, can, after the other three-fourths of the tax is collected, repeal the resolution under which the tax was imposed.  By the eighty-ninth section, page 484, the trustees are expressly authorized to renew the warrant against delinquent persons, as was done in this case.  Can it be supposed that the legislature intended to give a delinquent majority of the voters the power to exempt themselves from taxation after the tax had been collected from the paying minority?  In the case of *Gale* v. *Mead,* (4 *Hill,* 109,) on which the counsel for the plaintiff in error seems to rely, Bronson, J. giving the opinion of the court says: " *As nothing beyond preparing a warrant and tax list had been done,* under the resolution of the 7th October, the district was at liberty to rescind the vote to lay a tax;" implying that if a tax list and warrant had been put into the hands of a collector, and he had collected

---
Smith *v.* Wait.
---

a part of the tax, the district could not have controlled it. The judgment of the court of common pleas is therefore affirmed.

Judgment affirmed.

---

SAME TERM.    *Before the same Justices.*